UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-141-KSF

JOHN DOLLINS                                                                                    PLAINTIFF

v.                                            **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff, John Dollins, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)     If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

>
> period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
> (5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve

conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.     PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Dollins filed these applications seeking benefits in October 2005, alleging an onset date of January 1, 2005 [TR 57, 173]. With respect to Dollins' claim for DIB benefits under Title II of the Social Security Act, his insured status expires on December 31, 2008. Thus, for purposes of his Title II DIB benefits, Dollins must show that he became disabled before the December 2008 expiration of his insured status. His claim for SSI benefits is not affected by this insured status requirement.

In this case, the ALJ conducted a hearing on October 12, 2006, and issued his opinion denying Dollins' applications for benefits on October 26, 2006 [TR 18, 188]. At the time of the ALJ's decision, Dollins was 52 years old. Dollins completed high school and attended one year of college [TR 312-13]. Dollins denies any physical impairments; rather, he alleges disability due to alcohol and psychological issues [TR 74].

Turning first to step one of the sequential evaluation process, the ALJ noted that Dollins indeed had earnings in 2006. However, since Dollins' claim could be denied at a later step, the ALJ elected to continue on with the sequential evaluation process [TR 20]. At step two, the ALJ found that Dollins suffers from the following severe impairments: personality disorder, alcohol dependence, and borderline intellectual functioning [TR 20]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 21].

Reviewing the administrative record and considering Dollins' testimony, the ALJ concluded that Dollins' maintained the residual functional capacity to perform the requirements of all simple, unskilled, entry level, work that allows for low stress work without public contact or significant interaction with others [TR 22]. Relying on the Medical-Vocational Guidelines (the "Grids"), the ALJ found that Dollins was not disabled.

The ALJ's decision that Dollins is not disabled became the final decision of the Commissioner when the Appeals Council subsequently denied his request for review on March 3, 2008 [TR 7]. Dollins has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

**III.   ANALYSIS**

On appeal, Dollins argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards for two reasons. First, Dollins argues that the ALJ erred in evaluating the opinion of Jennifer Wilke-Deaton, a licensed psychologist who performed a consultative examination of Dollins on June 29, 2006 [TR 159-167]. Based upon her evaluation of Dollins, Wilke-Deaton diagnosed him with alcohol dependence with psysiological dependence, schizoid personality disorder, antisocial personality disorder, and borderline intellectual functioning [TR 165]. Wilke-Deaton further opined that Dollins would have marked limitations in the ability to interact appropriately with the public, supervisors and co-workers, respond appropriately to work pressures in a usual work setting, and respond appropriately to changes in a routine work setting [TR 169].

Dollins argues that by labeling his limitations as "marked," Wilke-Deaton's opinion requires a finding of disability. However, the ALJ, after giving full consideration to Wilke-Deaton's opinion, found that it was unsupported by the evidence for the following reasons. First, although Wilke-

4

Deaton described these limitations as "marked," the form she completed defined "marked" as serious but not precluded [TR 168]. Second, Dollins' record contains no medical evidence other than the psychological consultative examinations of Wilke-Deaton and Cristi M. Hundley, Ph.D., a licensed psychologist who also examined Dollins on behalf of the Social Security Administration [TR 22, 112-20, 159-169]. There is no evidence that Dollins ever received any treatment for his alleged "marked" limitations - no medication, no hospitalizations, no referrals to counseling, no records of any treatment for any mental or physical condition. The absence of any such records weighs against Wilke-Deaton's opinion.

Furthermore, although Wilke-Deaton opined that Dollins had a lifelong history of defiance and aggression towards authority figures, as well as a history of alcoholism dating back to age 18, Dollins' work history indicates that he was able to hold at least three jobs for periods of 3 to 12 years. And despite her opinion that Dollins had "marked" limitations, Wilke-Deaton also noted that he had a Global Assessment Functioning ("GAF") of 51 [TR 165]. According to the American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders, (DSM-IV), 34 (4th ed. 2000, Text Rev.), a GAF of 51 is indicative of moderate symptoms. Wilke-Deaton's GAF is consistent with the GAF of 57 reported by Dr. Hundley [TR 120]. Also consistent with this finding is the fact that Dollins work history reveals that he was able to work at McDonalds from March 2005 to October 2005, despite claiming disability beginning in January 2005. He was fired from McDonalds for eating on the job, not due to any problems with interacting with his coworkers, supervisors, or the public, or his response to work pressures [TR 23, 110, 197-98]. Furthermore, Dollins also testified that he earned up to $120 a month mowing yards during 2006. This recent work history, combined with Dollins' testimony that he shops for groceries, spends 50 to 100 hours a week on his

computer, watches television, visits friends, mows the grass, performs routine housecleaning, takes care of his personal needs, cooks, cleans his carpet, and paints the inside of his house [TR 117, 120] further weighs against a finding of a disabling impairment.

Finally, Dr. Hundley's consultative evaluation of Dollins on December 10, 2005 is inconsistent with Wilke-Deaton's opinion. Dollins reported to Dr. Hundley that he has no problems getting to work on time, no trouble following work rules, and that he gets along with supervisors and co-workers [TR 116]. He complained to Dr. Hundley that he was unable to work due to his physical condition and alcohol syndrome [TR 116]. Dr. Hundley's impression was rule in alcohol abuse, and personality disorder with narcissistic and antisocial traits [TR 119]. She opined that Dollins is able to follow simple instructions and maintain good attention to the tasks at hand, but would have difficulties interacting appropriately with other people and with routine changes in his job requirements.

Dr. Hundley's opinion is supported by the state agency consultants who reviewed the record [TR 121-158, 169]. The state agency psychologists reviewed the record and opined that Dollins has mild to moderate limitations in the areas of mental functioning [TR 131, 136, 137, 150, 154-55]. These state agency consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence. *See* 20 C.F.R. § 404.1527(f)(2), 416.927(f)(2). The opinions of the state agency consultants in this case undermine Wilke-Deaton's opinions. In a case such as this, with no treatment records and two conflicting consultative examinations, the ALJ acts as the trier-of-fact and resolves any conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Walters*, 127 F.3d at 528; *Mullins v. Secretary of Health and Human Services*, 836 F.2d 980, 984 (6th Cir. 1987). Substantial evidence to support

the ALJ's RFC finding is contained in Dr. Hundley's evaluation, the state agency psychologist's reports, and Dollins' work history and reported activities of daily living.

Based on this RFC finding, the ALJ found that the demands of Dollins' past relevant work exceeded his RFC [TR 23]. Because Dollins cannot return to his past relevant work, the ALJ then had to determine if he could perform other work, defined as jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(f); 404.1560(c); 416.920(f), 416.960(c) (2008). Dollins argues that the ALJ erred by failing to obtain testimony from a vocational expert ("VE") with regard to the other work component of the sequential evaluation process.

The ALJ turned to the Grids to determine whether Dollins could do other work [TR 23]. When a claimant's vocational characteristics coincide with the criteria of a rule in the Grids, the existence of jobs in the national economy is established and the claimant is considered not disabled. *See* 20 C.F.R §§ 404.1569, 416.969 (2008); 20 C.F.R. pt. 404, subpt. P, app.2 § 200.00(b); *Heckler v. Campbell*, 461 U.S. 458, 461-62, 470 (1983). However, the rules of the Grids take administrative notice of the numbers of unskilled jobs at various exertional levels that exist throughout the national economy. 20 C.F.R. pt. 404, subpt. P, app. 2, §200.00(b). As the ALJ noted, a limitation to simple, unskilled, entry level work that allows for less stress work without public contact or significant interaction with others would not significantly erode the occupational base represented by the Grids. *See* Social Security Ruling 85-15 ("Where there is no exertional impairment, unskilled jobs at all levels of exertion constitute the potential occupational job base for persons who can meet the mental demands of unskilled work"). In other words, because Dollins' RFC does not include any exertional limitations, his occupational base includes *all* of the unskilled jobs recognized by the Grids. Dollins' mental impairments do not significantly affect his ability to perform a full range of work, therefore,

the ALJ is not precluded from using the Grids. *See Moon v. Sullivan*, 923 F.2d 1175, 1180-82 (6th Cir. 1990).

Dollins has failed to establish any exertional or non-exertional limitations on his ability to work which might have precluded the use of the Grids. Accordingly, the ALJ properly utilized Section 204.00 of the Grids to find Dollins not disabled. The Grids satisfy the Commissioner's burden of showing that jobs exist in significant numbers in the national economy which Dollins could perform. *See Heckler*, 461 U.S. at 461-62, 470. Accordingly, the decision of the ALJ that Dollins is not disabled was supported by substantial evidence and was decided by the proper legal standards.

IV. **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #9] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #10] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This September 24, 2008.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**